

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Hill Co,*

Honorable A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, Texas

Dear Sir:

> Opinion No. O-2179
> Re: Is a county liable for
> hospitalization of any
> transient if he is a
> pauper and the county
> has no public hospital?
> And related question.

Your letter of April 4, 1940, requesting the opinion of this department on the questions as are herein stated, has been received.

We quote from your letter as follows:

"A transient person, who was evidently a pauper, was riding a freight train in Hill County. The train had a wreck and the man was injured and taken to the nearest railroad station. Of course the railroad was not liable for his injuries especially since he was a hobo. A group of local citizens called the county judge by telephone and asked him would the county hospitalize the man. The judge answered that the county would do so and instructed the citizens to bring the man to Hillsboro to a private hospital, there being no public hospital in the county. The man was treated for some 14 or 15 days and the bill was submitted to the county for payment. The County Auditor does not know whether to pass the bill for payment or not since the party was a transient, and the hospital was not a public hospital. The hospital bill was in the sum of $50.00. Hill county has a county health

Honorable A. J. Bryan, Jr., Page 2

officer but his duties do not include care
for paupers. In April 1939 the Commissioner's
court of Hill county gave the County Judge
authority to bind the county up to $25.00 for
hospitalization of paupers until a better
arrangement could be worked out. No new
orders have been passed by the Court but the
County Judge states that the Commissioners
have given him authority, verbally, to bind
the county for hospitalization of paupers
not to exceed a certain amount per day in
lieu of the order that is of record.

Question:

"Is the county liable for the bill?"

We restate your second question as follows:  Is
a county liable for hospitalization of any transient if he
is a pauper and the county has no public hospital?

We quote the order of the Commissioners' Court
bearing date April 24, 1939, as follows:

"Order No. 192     April 24, 1939
On Motion of Commissioner Taylor
and seconded by Commissioner Wallace, it is
ordered that the County Judge is directed
and authorized to expend up to $25.00 for
charity patients until a satisfactory plan
may be worked out for care of these. This
order to become effective of this date.
"Commissioners Taylor, Watson, and Wallace
present and voting 'aye' Commissioner Cliett
absent.
Judge Cowley, presiding."

Sections 11 and 12 of Article 2351, Vernon's Annotated Civil Statutes, reads as follows:

"11. Provide for the support of paupers
and such idiots and lunatics as cannot be ad-
mitted into the lunatic asylum, residents of
their county, who are unable to support them-
selves. By the term resident as used herein,
is meant a person who has been a bona fide
inhabitant of the county not less than six
months and of the State not less than one

year.

"12.   Provide for the burial of paupers."

Article 4438, Vernon's Annotated Civil Statutes, reads as follows:

"If there is a regular established public hospital in the county, the commissioners court shall provide for sending the indigent sick of the county to such hospital. If more than one such hospital exists in the county, the indigent patient shall have the right to select which one of them he shall be sent to."

In the case of Willacy County v. Valley Baptist Hospital, et al, 29 S. W. (2d) 456, the facts were substantially as follows:

On a certain night in July, 1929, a person by the name of Rafael Barbosa, a resident of Willacy County, was struck by an automobile, and seriously injured. He lay wounded by the roadside the remainder of the night. The next morning his condition was discovered by the Sheriff of Willacy County, who in turn called the County Judge, who directed that all necessary medical aid be given to the injured man, stating that the county would pay the expenses. The sheriff thereupon called Dr. McCann, a local physician, who upon examination of the injured man concluded that an operation was necessary. There was no hospital in Willacy County and the sheriff, accompanied by Dr. McCann, rushed Barbosa to the Valley Baptist Hospital at Harlingen, in Cameron County, where another physician, was called in and performed an operation. A few days later Barbosa died as a result of his injuries. Afterward the two physicians and the hospital filed claims against the county for thirty dollars, one hundred and fifty dollars, and eighty-nine dollars, respectively, as their fees for the services rendered by them to Barbosa. The county commissioners' court rejected these

Honorable A. J. Bryan, Jr., Page 4

claims, and the claimants each filed suit
against Willacy County, in a justice of the
peace court. The three suits were consolidated
and judgment was rendered in favor of the
plaintiffs for the amount of their respective
claims. On appeal to the County Court a like
judgment was rendered upon a directed verdict,
and Willacy County appealed. The judgment was
based upon the assumption that Barbosa was a
pauper and therefore such a charge upon the county
as to render it the duty of the latter to furnish
him the services for which the suit was brought;
and that the County Judge was clothed with author-
ity to bind the county with his agreement to pay
for such services, although it was considered that
the commissioners' court as a body, or the commis-
sioners individually, had taken no action to
declare Barbosa a pauper or to authorize the
County Judge to so bind them, and no such matters
had ever been presented to them. Willacy County, with
but a little population, had no public or private
hospital, such as are being operated in counties
of large population.

The judgment of the County Court was reversed
and rendered.

We quote from the above mentioned case as follows:

"The powers and duties of county commis-
sioners' courts, and the obligations of the
counties to paupers are fixed by statute, and
cannot be enlarged upon by unnecessary implica-
tion. These powers and duties, in so far as
applicable here are defined in and restricted
by the provisions of Articles 2351 and 4438,
Revised Statutes, 1925. In Article 2351 it is
provided that each commissioners' court shall
(subdivision 11) 'provide for the support of paupers
* * * residents of their county, who are unable
to support themselves', and (subdivision 12)
'for the burial of paupers'. In Article 4438
it is provided that 'if there is a regular
established public hospital in the county, the
commissioners' court shall provide for sending
the indigent sick * * * to such hospital'. In
the latter provision the duty and the authority
of the commissioners' court to send the indigent
sick to hospitals is limited to public hospitals

Honorable A. J. Bryan, Jr., Page 5

within the county, which provision, by necessary implication excludes any duty or authority to send such persons to private hospitals, or to public hospitals without the county. Even if Barbosa was within the class defined as 'indigent sick,' the commissioners' court as a body, muchless the county judge acting singularly, was under no duty, and was denied the authority to send Barbosa to a hospital, either public or private, outside the county.

"* * *. Under the provisions of Article 4438, the county was under no duty to send Barbosa to any hospital, there being no public hospital in the county, and under the implied restrictions of this provision it is doubtful if the county could be bound by the commissioners' court, certainly not otherwise, to send him to a hospital without the county, at public expense.

"* * * *."

In view of the foregoing authorities and the above stated facts, questions Nos. 1 and 2, above quoted, are respectfully answered in the negative.

Trusting the the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *Ardell Williams*

Ardell Williams
Assistant

AW:RS

APPROVED APR 15, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN